IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-31074
Summary Calendar

_____

CLIFFORD EUGENE DAVIS, JR. and
UNITED STATES OF AMERICA,

Plaintiffs,

JOHNNIE A. JONES,

Movant-Appellant,

versus

EAST BATON ROUGE PARISH
SCHOOL BOARD, a Corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court for
the Middle District of Louisiana
(56-CV-1662)

_____

September 10, 1997

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Johnnie Jones appeals an order denying his request for over

$1.2 million in attorney's fees for his work in this decades-old

desegregation suit, over which the district court has retained

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction.  We conclude that we have appellate jurisdiction under the collateral order doctrine, *see Walker v. U.S. Dept. of Housing and Urban Dev.*, 99 F.3d 761, 766-67 (5th Cir. 1996), and affirm.

In 1981 Jones filed a similar request for fees.  The district court denied the motion, reasoning that Jones had not complied with the requirements of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), and related cases.  Jones appealed the order and we affirmed in an unpublished opinion.  *Davis v. East Baton Rouge Parish School Bd.*, No. 81-3287 (5th Cir. Oct. 24, 1983).  We agreed with the district court that his fee application was "totally inadequate" under *Johnson*. *Davis*, *supra*, at 3.

In 1996 Jones filed a motion for attorney's fees which is the subject of the present appeal.  The district court properly denied the motion, since both the district court and this court are bound by the prior appellate decision under the law of the case doctrine.  That doctrine "precludes reexamination of issues decided on appeal, either by the district court on remand or by the appellate court itself upon a subsequent appeal."  *Quest Medical, Inc. v. Apprill*, 90 F.3d 1080, 1094 (5th Cir. 1996).

Recognized exceptions to the law of the case doctrine are that "evidence in the subsequent trial is substantially different, the prior decision was clearly erroneous and would

2

work manifest injustice, or controlling authority has in the interim made a contrary rule of law applicable." *Id*. The only conceivable exception which might apply here is that Jones has somehow augmented his fee request with additional evidence.

The renewed fee request, however, remains totally inadequate to support an award. We noted in the prior appeal that Jones "does not even list his clients, although they are the 'parties' who must recover attorneys' fees." *Davis*, *supra*, at 3. In his renewed motion for fees, Jones again fails to list which plaintiffs he represented, fails to move for fees on their behalf, and instead requests fees as "movant in proper person." The fee request fails to delineate, among other *Johnson* factors, the novelty and difficulty of the questions presented in the case, whether the fee agreement with the clients was fixed or contingent, or the results obtained. *See Johnson*, 488 F.2d at 718.

While, unlike the first fee request, Jones breaks down his work into various dated entries in an affidavit, those entries are implausible on their face. Many of the entries indicate that Jones worked more than 24 hours in a single day. By way of example, Jones claims he spent 157.5 hours on July 23, 1970 (at a requested rate of $250 an hour) on a "memorandum opinion and order." Further, the only work Jones claims to have done after April 16, 1981, the date of his first fee motion, involved his

unsuccessful quest for attorney's fees.  Accordingly, we follow our prior decision.

AFFIRMED.

4